Irving Lang, J.
Defendants move for an order of discovery, pursuant to CPL 240.20 (subd. 1, par. [b]), as to certain electronic tape recordings relating to an alleged bribery attempt. The moving papers allege that these tapes contain recorded conversations held between the defendants and police officers who are to testify for the prosecution. The District Attorney, in his memorandum in opposition, argues that he has no obligation to divulge the contents of an “ intercepted communication ”.
This motion presents to the court several novel legal issues upon which there appear to be no cases reported in New York.
Article 240 of the CPL, which became effective on September 1, 1971, is an attempt by the Legislature to codify principles of pretrial discovery in criminal cases. The former New York rule, which was extremely restrictive, denied defendants discovery except where it was necessary to prevent injustice (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 33-34 [1927]).
CPL 240.20 (subd. 1, par. [b]) provides that ‘ ‘ discovery must be ordered with respect to property consisting of: * * * (b) A written or recorded statement made by the defendant to a public servant engaged in law enforcement activity * * *. This paragraph does not apply to a statement made in the course of an intercepted communication, as that term is defined in subdivision three of section 700.05 ” (emphasis added).
The background of the new CPL provision is reported in the Practice Commentary to section 240 which indicates an intent to liberalize and expand New York law on pretrial discovery by, in substance, adopting new rule 16 of the Federal Rules of Criminal Procedure (see McKinney’s Cons. Laws of N. Y., Book 11 A, CPL Practice Commentary).
Former rule 16 of the Federal Rules of Criminal Procedure, adopted in 1946, gave only a limited right of discovery (Bowman Dairy Co. v. United States, 341 U. S. 214, 220). In 1966, rule 16 was repealed and new rule 16 adopted. The new rule greatly broadened the scope of discovery. The rationale for the new rule was suggested by the Supreme Court in Dennis v. United States (384 U. S. 855, 870) : “ The growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice ”, and reflecting upon the amendments to rule 16, then before Congress, *787 added (p. 871): “ The expanding body of materials, judicial and otherwise” [favors] “ disclosure in criminal cases analogous to the civil practice.”
Bule 16 (subd. [a], par. [1]), which speaks of “written or recorded statements or confessions made by the defendant ’ ’, apparently gives the court some discretion by providing that ‘ ‘ Upon motion of the defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant ’’ (emphasis added). However, Federal courts have given the defendant an almost automatic right to his written or recorded statements. The power apparently vested in the court by the use of the word “may” is discretionary only in conjunction with subdivision (e) of rule 16. That subdivision provides that any showing authorizing the court to deny, restrict or defer discovery must be made by the government, and only upon such showing is the court given discretion to deny defendant’s motion (United States v. Isa, 413 F. 2d 244 [C. A. 7th, 1969]; United States v. Rosenberg, 299 F. Supp. 1241 [1969]). In any event the CPL provision is mandatory, not discretionary.
There are three questions which have to be resolved, however, before discovery may be ordered in the instant case. First, are the “ statements ” referred to in CPL 240.20 (subd. 1, par. [b]) limited to recitals of past occurrences, such as confessions, admissions or explanations of prior alleged criminal conduct, or does ‘ ‘ statements ’ ’ include incriminating conversations such as bribe attempts or criminal solicitations as well? Second, are tape recordings of conversations included within the definition of ‘ ‘ written or recorded statements ’ ’ ? Third, are the statements in this case recorded in the course of an “ intercepted communication ” as that term is defined in CPL 700.05 (subd. 3) and therefore exempt from discovery under CPL 240.20 (subd. 1, par. [b]) ?
With respect to the first question, the Federal courts have made a sharp distinction between so-called “ Jencks ” material, wherein “ statements ” have been limited to material relating to past events, and “ statements ’’under new rule 16 (subd. [a]).
In United States v. Sopher (362 F. 2d 523 [C.A. 7th, 1966]), the court denied a defense motion for discovery made pursuant to the Jencks Act (U. S. Code, tit. 18, §§ 1951; 3500, subd. [e]). The Jencks Act deals with the disclosure of “ statements ”, but by witnesses, and deals with a recording ‘ ‘ which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement ”.
*788 A section 3500 ‘ ‘ statement ’ ’ was held to mean 1 ‘ A recorded recital of past occurrences ”, rather than a “ concurrent tape recording of a conversation ” [which is] “ direct evidence relevant on the issue of the alleged guilt of the defendants on trial ’ ’ (United States v. Sopher, supra, p. 525).
However, Federal courts, in construing new rule 16 (subd. [a]), have almost universally granted discovery of defendant’s statements, even if such statements constitute criminal conduct rather than confessions or admissions after arrest. In United States v. Lubomski (277 F. Supp. 713, 719-722 [1967]), the court concluded that tape recordings taken of a conversation in which the defendant allegedly offered an Internal Revenue Agent bribes were clearly “ statements ” under rule 16 (subd. [a]) and discoverable by defendant. For similar court rulings, see, e.g., United States v. Bryant (439 F. 2d 642 [D. C., 1971]) (recorded conversations of defendant and an undercover narcotics agent); United States v. Isa (413 F. 2d 244, supra) and United States v. Crisona (416 F. 2d 107,115 [C. A. 2d, 1969], cert. den. 397 U. S. 961).
The rationale for these decisions has been that, while section 3500 defines ‘ ‘ statements ’ ’ in limited language, the language of rule 16 (subd. [a]) is unqualified. The notes of the Advisory Committee on Criminal Rules indicate that the amended rule 16 (subd. [a]) was intended to apply even to prearrest statements made by the defendant during the course of a crime.
It is possible that the drafters of the GPL discovery provisions did not envision that new rule 16 (subd. [a]) would be interpreted by the Federal courts to include recordings of conversations during the commission of a crime, as opposed to post-arrest statements. However, in view of the plain language of the statute and the Federal cases, it is up to the Legislature to clearly enunciate such a position, if desired.
The second question is whether 11 written or recorded statements ’ ’ include tape recordings of conversations surreptitiously made. There is no essential difference between statements actually handwritten by the defendant, and stenographic recordings of questions and answers, and tape recordings; nor does the fact that the defendant may be unaware of the recording have any bearing on the right to discovery. It is clear, that tape recordings of conversations are ‘ ‘ statements ’ ’ within the meaning of rule 16 (subd. [a]) and, therefore, of GPL 240.20. (See United States v. Iovinelli, 276 F. Supp. 629 [1967]; United States v. Crisona, supra.) (Whether or not written notes of the recollection of a government agent of his recollection of conversations with a defendant are discoverable is an open question; cf. United *789 States v. Battaglia, 410 F. 2d 279 [C.A. 7th, 1969], cert. den. 396 U. S. 848; United States v. Hasiwar, 299 F. Supp. 1053; [S. D. N. Y., 1969]; see, also, GPL 240.10, “Exempt property”.) (This opinion, also, does not reach issues such as need or relevancy.)
Having reached the conclusion that tapes of the defendants’ conversations are statements under GPL 240.20 (subd. 1, par. [b]), and that there is no limitation as to the time and circumstances of the making of the statement (i.e., confession or new crime), it must still be decided whether these tapes are “ intercepted communications ’ ’, as alleged by the District Attorney.
GPL 700.05 (subd. 3) defines intercepted communication as “ (b) a conversation or discussion which was intentionally overheard or recorded, without the consent of at least one party thereto, by a person not present thereat, by means of any instrument, device or equipment”. The District Attorney sets forth no evidentiary facts which would lead this court to conclude that said tapes were so intercepted.
The court finds that statements or conversations of the defendants made by tape recordings or electronic surveillance are recorded statements of the defendants within the meaning of GPL 240.20 (subd. 1, par. [b]), and that the defendants are entitled to their contents in their preparation for trial.
Defendants’ motion is granted. The District Attorney is directed to furnish defense counsel with a transcript of defendants’ statements contained on any tapes in the District Attorney’s possession, not less than seven days prior to trial, and the District Attorney is further directed to permit defense counsel to hear said tapes in the District Attorney’s office at a mutually convenient time, not less than seven days prior to trial.