Leon B. Polsky, J.
In recent years there has evolved a form of pretrial hearing known as an “ audibility hearing ’ ’ in which the court is asked to rule upon the admissibility of taped recordings of conversations which the People intend to offer at trial. Where the tape is of a conversation obtained pursuant to an eavesdrop order or is of a statement obtained from a defen *328 dant during custodial interrogation the hearing may also encompass a defense motion to suppress under article 710 of the CPL. Where the taped conversations relate to statements made during the commission of the crime and do not involve intercepted communications which might be subject to suppression under article 710, the only issue submitted to the court on the pretrial motion relates to the audibility and integrity of the recording of the conversation.
The motion presently before the court, presents the latter situation, involving taped recordings of conversations allegedly between an undercover police officer and the defendant negotiating for the illegal transfer of narcotic drugs.
In these negotiations, the undercover officer had secreted upon his person a transmitting device which broadcast the conversations to a receiver to which was connected a tape recorder. The People claim that the tapes of these conversations are “audible” and the defendant maintains that they are not.
While this court, a general calendar and motion term, may technically have jurisdiction over the motion, nevertheless I believe it inappropriate for a Judge other than the Trial Judge to pass upon the motion and therefore it will be referred to the trial court when the case is marked ready for trial.
A motion such as this is not a motion to ‘ ‘ suppress ’ ’ evidence; it is a motion designed to determine in advance of trial whether a particular item of evidence will or will not be admissible at trial. Rulings on the admissibility of evidence are within the particular province of the Judge presiding at the trial and it is not appropriate that a Judge in a calendar and motion term should bind the Trial Judge by a ruling on particular items of evidence. This is particularly true with respect to taped conversations picked up by hidden body transmitters and transmitted to 'the recording receiver. Rarely, in the court’s experience, have such recordings been ‘ ‘ audible ” in an abstract or absolute sense. The question to be determined is whether the intelligible portions of a taped conversation reliably further the search for truth or whether they will divert the jury into side deliberations on the content of the conversations. This is something which can best be determined by the Trial Judge who wall be in a better position to know what facts are in issue and be able to relate them to the intelligible portions of the tape.
Another factor making it more appropriate for the Trial Judge to decide the admissibility of the tapes is that this court’s order would be nonappealable. Thus, if I were to find the tapes *329 inadmissible and it were critical to the People’s cáse, the prosecution would abort because such a determination could not be appealed. See, section 450.20 of the Criminal Procedure Law (which enumerates orders appealable by the People). However, a similar ruling by the Trial Judge could give rise to a trial order of dismissal, which would be appealable (see CPL 450.20, subd. 2 and CPL 290.10).
Accordingly, the motion will be referred to the trial court when the case is transferred for trial. In order that the trial not be delayed unnecessarily, the People are directed to supply defense counsel with copies of the tapes it intends to offer, together with a transcript of the tapes. (See People v. Zacchi, 69 Misc 2d 785.) If defense counsel does not agree with the transcript supplied by the People, he will prepare a counter-transcript for submission to the Trial Judge.