Oscar Murov, J.
This is an application by the People for clarification of an order of this court which ordered the disclosure by the People of all written or recorded statements of the defendant irrespective of their character as pre- or post-arrest statements.
The court’s order did not specifically address itself to a request in the motion seeking discovery of transcripts of all oral statements. Of course, any oral statement made by the defendant which has been summarized, abridged, referred to or reflected in any book, record or paper in the possession of law enforcement personnel is to be regarded as a written or recorded statement subject to discovery. (People v Bennett, 75 Misc 2d 1040, 1051; People v Utley, 77 Misc 2d 86, 89).
*781 "Transcript” is defined as follows:
"That which has been transcribed; a copy of any kind; a writing made from or after an original; a copy; a copy, particularly of a record; a copy of an original writing or deed and suggests the idea of an original writing.” (Black's Law Dictionary [4th ed].)
The court’s decision presumed that a transcript of oral statements falls within the purview of the court’s directive. Allowing a construction of defendant’s application adopted by the Assistant District Attorney, the court will regard the motion as encompassing a request for the disclosure of oral statements that have not, as yet, been transcribed and that exist only in the memories of those law enforcement officials hearing the statements.
The People would have the court clarify its order exempting defendant’s res gestae statements therefrom (citing People v Utley, 77 Misc 2d 86, supra). The Assistant District Attorney does not argue with the interpretation of the Criminal Procedure Law given in People v Zacchi (69 Misc 2d 785) cited in the court’s decision, but contends, now that the authority for ordering disclosure of res gestae statements expressed in Zacchi should be limited to the facts therein. In Zacchi the court held that an electronic recording of a bribe attempt which failed to fall within the definition of an "intercepted communication” within the meaning of CPL 700.05 (subd 3) was not exempt from discovery pursuant to CPL 240.20 (subd 1, par [b]) and was discoverable as a written or recorded statement within the meaning of the said subdivision. In short, it is the People’s contention that the authority for discovery of res gestae statements is limited to those statements in tangible form as in a writing or a recording.
Rule 16 (subd [a], par [1]) of the Rules of Criminal Procedure for the United States District Courts, the progenitor of CPL 240.20 (subd 1, par [b]) while it differs in some respects not relevant herein, has been construed to authorize the discovery of written or recorded res gestae statements (People v Zacchi, supra, p 788; Paperno and Goldstein, Criminal Procedure in New York, § 280, p 453; 2 Waxner, New York Criminal Practice § 14.4, pp 14-16). Therefore, transcripts of the defendant’s oral statements that presently exist and as contemplated by the court, are covered by the view in favor of disclosure of written or recorded statements whether or not a part of the *782 res gestae. Clearly, the court’s order requires no clarification in this respect.
In Utley, the court ordered all of the defendant’s oral statements other than res gestae statements transcribed and disclosed to the defendant. Was the court empowered to go further by omitting the limiting provisions in its order? I think so. Zacchi (supra) which granted disclosure of res gestae statements is cited in Utley in support of the view favoring disclosure of oral statements that have been recorded.
Must a distinction be drawn respecting the disclosure of recorded oral statements as opposed to oral statements having no tangible existence? Consider the language of Utley contained in an early paragraph which states:
"In light of the discussion above, this court is inclined to view the difference between oral and written statements as one of mere form, rather than substance.” (People v Utley, supra, p 94.)
Neither the Federal rule nor the counterpart provision in the Criminal Procedure Law authorizes discovery as of right as to statements other than those which qualify within the meaning of the respective provisions. This does not necessarily preclude discovery of such statements. In Bennett (supra, p 1052) the court ordered the production of statements made to persons other than public servants engaged in law enforcement activity pursuant to the provisions of CPL 240.20 (subd. 3). Utley, too, apparently availed itself of its discretionary power to order disclosure of evidence (oral statements) considered material and relevant to the defense, but in exercising that discretion, exempted res gestae oral statements from its order.
It is the opinion of the court that res gestae statements are subject to discovery by a defendant when they are written or recorded unless they are exempt (CPL 240.20, subd 1, par [b]). Unrecorded oral statements are discoverable in the court’s discretion where a proper showing of materiality to the preparation of the defense and reasonableness of the request has been made (CPL 240.20, subd 3). But if defendant’s discovery réquest is to be given the construction adopted by the protagonists herein, then it follows that a determination must be made respecting defendant’s right to discovery of unrecorded oral statements. Since the defendant failed to make a satisfac *783 tory showing of materiality and reasonableness in any of his supporting papers, the application for discovery of unrecorded oral statements is hereby denied. Accordingly, the court amends its decision solely to the extent of inserting paragraph (f) therein to read as follows:
"(f) Discovery by defendant of transcripts of all oral statements is granted to the extent of any statements made by the defendant to law enforcement officials that are summarized, abridged, referred to or reflected in any book, record or paper in the possession of law enforcement personnel. Discovery of any oral statements made by the defendant not so qualified is denied in the absence of a showing of materiality and reasonableness.” .
The People’s motion is denied in all other respects.