John J. J. Jones, J.
The defendant, Richard H. Wyssling, charged with eight counts of perjury in an 11-count indictment, moves for discovery of the notes relating to a preindictment interview he voluntarily attended at the office of the District Attorney. The defendant also later voluntarily appeared and testified before the Grand Jury.
Essentially, the perjury charged is the result of alleged variances between the defendant’s Grand Jury testimony and *709 the statements he previously made to the District Attorney during the interview. The lengthy indictment contains considerable portions of the defendant’s Grand Jury testimony. The defendant in this motion requests discovery of the statements he made during the interview with the District Attorney.
The District Attorney opposes the motion on the grounds that the motion is untimely under CPL 255.20.,
Defendant previously moved on January 10, 1975 to dismiss the indictments. The motion was decided adversely to defendant on March 5, 1975.
Discovery is an essential aid in trial preparation and in delineating the issues to be litigated. CPL 255.20 (eff Sept. 1, 1974) recognizes explicitly the necessity of preserving judicial discretion in this important area by three specific provisions relevant here.
In CPL 255.20 (subd 1), the court may fix time in addition to the 45 days provided by the statute, upon application of defendant at any time prior to the entry of judgment.
Further, where as here, there is more than one pretrial motion, the practicability of bringing the motions separately may be considered by the court as a ground for extending defendant’s time to bring the second motion. Although the present motion might have been included in the prior motion under CPL 255.20 (subd 2), the court takes into consideration matters of practicability in submitting them separately.
The court is also authorized to extend the statutory time in the interest of justice and for good cause shown at any time before the sentence is imposed.
The court must carefully strike the balance between meritorious pretrial relief and the danger of unduly or prejudicially protracting the action. In the light of the number and nature of the charges and their serious import in this lengthy indictment and the fact that the requested discovery is particularly significant to the perjury allegations, the court determines that it is within its discretion to decide this motion on the merits on any of the above grounds. The court in so deciding also considers the serious prejudice to defendant if the motion were summarily denied. Further, the court is not presented with and is unaware of any substantial prejudice to the People in deciding this matter on the merits.
Discovery of defendant’s statements, whether written or recorded, made to those engaged in a law enforcement activity *710 is mandatory. The District Attorney here contends that since the interview was voluntary on the part of the defendant, it was noncustodial and impliedly that discovery of such statements is not required by the statute. It is also contended by the District Attorney that the notes of the interview constitute property exempt from discovery (CPL 240.10, subd 3). The court does not agree.
The right of a defendant to pretrial discovery of copies of his statements antedates the present provisions of the CPL. This right as stated by the Court of Appeals in People v Remaley (26 NY2d 428 429) stated: "In short, a defendant is entitled to inspect any statements he may have made to the police or other law enforcement officers in order to allow him to intelligently prepare his defense”.
The discovery by defendant of his own statements is not limited to custodial statements. Under CPL 240.20 (subd 1, par [b]), it is only required that the statement be made by defendant to one engaged in law enforcement activity. The District Attorney, during the preindictment interview was so engaged. The voluntariness of defendant’s statements would affect their admissibility at trial, but does not limit their discoverability. (People v Huntley, 15 NY2d 72; see People v Remaley, supra; People v Spatarella, 34 NY2d 157.)
The status of exemption applies to notes which constitute internal documents or work papers. (CPL 240.10, subd 3.) Law enforcement officers, however, are not to limit the mandatory discovery rights of a defendant merely by placing discoverable material with other matter into a report which is then characterized as exempt. (People v Bennett, 75 Misc 2d 1040; People v Zacchi, 69 Misc 2d 785.)
The statements of the defendant are discoverable regardless of the label affixed to the document in which they are contained. If the notes purport to quote the defendant verbatim or summarize his statements, they are subject to discovery. This would also apply to oral statements later summarized. (See People v Utley, 77 Misc 2d 86.) Whether the statement is written by others and not acknowledged or executed by the defendant is not controlling. If other exempt matter is included in notes such material may be excised or redacted. (People v Bennett, supra; People v Zacchi, supra; People v Harrison, 81 Misc 2d 144.)
It is the determination of this court that in so far as the District Attorney has in his possession, custody or control, any *711 notes containing the statements of the defendant whether they are verbatim reports of such statements or summaries of his statements, such documents to the extent they contain the statements of the defendant made during the interview with the District Attorney are to be submitted to the defendant within 20 days from the date of this determination. To the extent the statements are contained in exempt sources such material shall be excised or redacted from the defendant’s declarations.
In all other respects, the motion is denied.