Gerard D’Emilio, J.
The defendant is charged with driving *140 while intoxicated, driving with .26% alcohol in his bloodstream, driving without insurance, driving without a valid license, and driving with bald tires. The accusatory instrument in the driving while intoxicated charge states that the defendant struck a tree while driving in a southerly direction on Clinton Avenue in Bay Shore. He was apprehended at 4:30 p.m. on January 27, 1975.
Defendant moves for an order suppressing all statements made after his arrest, together with the results of the breathalyzer, on the grounds that the police made no meaningful effort to locate defendant’s attorney when the defendant answered affirmatively to the policeman’s question of whether he wanted an attorney. Defendant refers to the alcoholic influence report produced by the People pursuant to a previous defense motion for discovery of defendant’s statements. According to the alcoholic influence report the defendant identified the attorney he wished to contact as one "Joyce Malloy, 1 Edgewood Avenue, Smithtown” at 269-0700. The attorney’s name is actually James Malloy, and the phone number of Mr. Malloy’s law office was correct. The police called that number at 5:00 p.m. and received no answer. The police officer then asked the defendant if he wished to proceed without a lawyer, and defendant answered yes.
Defense counsel argues that the police should have attempted to locate him at his home after they received no answer at his law office, and contend that failure to locate him amounts to a violation of defendant’s constitutional right to counsel.
The People argue that the motion is not timely under CPL 255.20. However, since the motion is based upon information not previously known by counsel, the motion may be entertained pursuant to CPL 225.20 (subd 3).
Second, the People argue that' the police need not wait an indefinite amount of time for defendant’s lawyer to appear, and that upon failure to contact the lawyer the defendant knowingly and intelligently waived his right to remain silent when he answered affirmatively that he wished to speak to the police officer. The People cite the case of People v Gursey (22 NY2d 224), in which the Court of Appeals considered the issue of contacting defendant’s attorney before asking defendant if he wished to submit to the breathalyzer test. The court stated that (p 229) "the privilege of consulting with counsel concerning the exercise of legal rights should not, however, *141 extend so far as to palpably impair or nullify the statutory procedure requiring drivers to choose between taking the test or losing their licenses * * * If the lawyer is not physically present and cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel.”
The court feels that it is unreasonable to place such a burden on the police to track down an attorney not answering his office phone, where such an effort cannot be done promptly. In this situation the defendant identified the particular attorney, he wished to see as Joyce Malloy, although it appears, he gave the telephone number of James Malloy, and an address which did not correspond to any Malloys in the county telephone directory.
This court feels that one prompt telephone call to defense counsel’s office is sufficient, and that the police have no duty to make prolonged attempts to track down the attorney, especially in view of the desirability of performing the breathalyzer test at the earliest possible time in order to get the most accurate possible reading. Should the defendant object the police should give him a few minutes to peruse the phone directory himself in an effort to track down his attorney. This failing, the police may proceed to inquire of the defendant whether he wishes to take the test without a lawyer.
The motion to suppress is denied and the case is set down for trial on December 15, 1975.