OPINION OF THE COURT
Walter M. Pelkey, J.
This matter was brought before this court by the defendant under CPL 710.20 to suppress the results of a breathalyzer test on the ground that defendant was denied access to his attorney before submitting to the test. This case is unique in that it deals with the use of a mobile van for administering of the test rather than a police station.
On November 6, 1980 at about 1:24 a.m. the defendant was operating his vehicle in excess of the posted speed limit on Coldwater Road in the Town of Chili, Monroe County, New York. A Deputy Sheriff operating a radar unit observed the defendant speeding and stopped him. The defendant was subsequently arrested for speeding and driving while intoxicated and for driving with more than .10% blood-alcohol content (B.A.C.).
The Monroe County Sheriff’s Department has had a program in existence referred to as STAR. It is the Sheriff’s Tactical Accident Reduction program. Its aim is to vigorously enforce traffic violations especially driving while intoxicated cases. To expedite such arrests, the *917 Sheriff’s office has equipped a van as a mobile unit which contains a breathalyzer machine. Prior thereto, the arresting officer was required to take the suspect to a station, administer the test, process the papers and then return to normal patrol. This took considerable time and lessened greatly the patrol time of the officers. The van being equipped with all the necessary equipment could be easily dispatched to the area where the STAR unit was operating. The suspect was taken to the van located nearby, administered the test, all within a short period of time.
In the instant case, the defendant requested prior to the test that he be allowed to telephone his attorney. The van itself is radio equipped, but does not have a radio telephone, nor phone dispatch capability. Testimony was given and not controverted that there was a public telephone about five minutes away by car. The arresting officer did not recall if the defendant requested a call to an attorney or not. The defendant testified he specifically requested a call to his attorney Norman Palmiere. No telephone call was made.
It is the defendant’s contention that he has an absolute right to consult with an attorney before deciding whether to take the test. His argument is basically that if the People wish to use a mobile van for their convenience, it must be equipped with a communications device to allow such consultations. The police cannot use convenience to circumvent a suspect’s constitutional rights.
The People on the other hand contend that to transport a suspect to the nearest available telephone would substantially interfere with the administration of the test and would nullify, to all intents and purposes, the use of the van and place in jeopardy any test given because of the two-hour rule. That by deliberately stalling the test and taking into account the rapid dissipation of alcohol in the body the result would be substantially lower.
This court knows of only one case dealing with the right of a defendant to access to an attorney before submitting to the test: People v Gursey (22 NY2d 224) decided in 1968. No briefs were submitted by the parties. The Gursey *918 decision deals, however, with the station house detention where access to a telephone is present with little or no delay. In the instant case, the nearest telephone was five minutes away by car. There was no testimony whether this telephone was even operable. There was testimony that other suspects were present at the van to take the test. The deputy testified that he did not know if he could have transported the defendant to the telephone, waited for the conversation to terminate, return with the defendant to the van, waited for the other suspects to be processed and process this defendant within the prescribed time limit. However, this is all conjecture.
The People further questioned whether by allowing access to a public telephone the defendant could have been that closely observed to prevent any foreign substance being taken by the defendant that would have nullified the test. The Sheriff’s department has a rule that the defendant must be observed for 20 minutes before the test to insure no foreign substance is taken that might adversely affect the test result.
The court in the Gursey decision ruled that a defendant has a constitutional right to consult with an attorney before taking the test provided there is no significant or obstructive delay; that it does not unduly interfere with the matter at hand.
This court finds that a public phone was available only five minutes away. At most we would have a 15- or 20-minute delay. This cannot be considered by any means as a significant or obstructive delay and would not unduly interfere with the matter at hand.
The courts have consistently ruled that a defendant’s right to counsel is paramount. The defendant, after consulting with an attorney, can submit to the test or refuse. In either case, the test result is admissible (Vehicle and Traffic Law, § 1195) or the refusal is admissible (Vehicle and Traffic Law, § 1194, subd 4).
This court, therefore, rules that the People have failed to show where this case falls into either exception of the People v Gursey (22 NY2d 224, supra) decision. The breathalyzer test result is, therefore, suppressed.
*919 This court would like to make one additional comment. The van being mobile can be parked at any location. It would be a simple matter to park the van near a public phone located in a plaza or other such area and eliminate the problems as found in this case.