OPINION OF THE COURT
Hyman T. Maas, J.
Defendant contends that his submission to the breathalyzer test was caused by police coercion and therefore the results of said test are inadmissible.
Defendant, after hearing the Motor Vehicle Commissioner’s warnings, was advised by his lawyer not to submit to the breathalyzer test. Subsequent to his telephone advice from his lawyer, Deputy Hine again advised the defendant of the commissioner’s warnings and upon refusal defendant would be held in custody until arraigned and bail posted. Defendant expressed his fear of jail and submitted to the test.
Defendant’s breathalyzer test results are neither testimony nor evidence relating to some communicative act by defendant, and therefore the test result is not inadmissible on privilege grounds. (People v Craft, 28 NY2d 274; Schmerber v California, 384 US 757.) A subsequent request by the deputy after defendant’s attorney’s advice not to take the test, is not prohibited (see People v Gary, 31 NY2d 68). The repeated request to take the test by the *649 deputy and advising defendant of the police procedure of custody, arraignment and bail, coupled with defendant’s expressed fear of jail does not constitute psychological police coercion sufficient to exclude the breathalyzer test results. The defendant after warnings, attorney’s advice, with due deliberation voluntarily chose to take the test.
Defendant’s motion to suppress the result of the breathalyzer test is denied.