OPINION OF THE COURT
Michael J. Brennan, J.
The defendant moves to suppress the introduction into evidence at trial two video cassettes which are essential to the prosecution of him on charges of obscenity in the third degree (Penal Law § 235.05 [two counts]).
The defendant argues that the retention of the videotapes by the police after the 24-hour rental period constitutes an illegal seizure in violation of his 1st and 4th Amendment rights under the US Constitution and the NY Constitution. He also contends that the continued retention of the tapes, without a valid warrant for their seizure having issued, constitutes prior restraint in violation of US Constitution 1st Amendment. The People allege that the defendant’s motion to suppress is untimely and that the retention of the tapes was neither a seizure nor prior restraint for which suppression is the appropriate remedy.
*428 The facts, as conceded by the People, are as follows: On Thursday, September 6, 1984, an undercover New York City Police Detective, using a pseudonym, rented two video cassettes, entitled "Bedtime Video Volume 3” and "Bedtime Video Volume 4” for a total of $3.25 from Major’s Records and Video, owned and operated by the defendant at 1351 Forest Avenue, Staten Island, New York.
According to the rental agreement, the tapes were to be returned on Friday, September 7, 1984. The rental agreement contains a provision for the payment of a handling or "late” charge for a late return of the tapes. On Monday, September 10, 1984, and Tuesday, September 11, 1984, the two tapes were viewed by Judge Alan J. Meyer, a Judge of the New York City Criminal Court. Judge Meyer issued and signed a "Certificate of Obscenity” for each of the two videotapes on the day he viewed them.
On Wednesday, September 12, 1984, Judge Meyer signed a search warrant authorizing search for and seizure of "Videotape cassettes containing films entitled 'Bedtime Video Vol. #4’ and 'Bedtime Video Vol. #3’ and any records pertaining to leasing rental or sale of said cassettes in violation of Penal Law Article 235”. Later in the day, on September 12, 1984, when detectives attempted to execute the search warrant at Major’s Video no additional copies of the cassette were found at the store. The defendant, Edward Pavia, doing business as Major’s Video, 1351 Forest Avenue, Staten Island, New York, was arrested on September 12, 1984, and charged with obscenity, second degree, based on the two video cassettes the People had in their possession.
TIMELINESS OF DEFENDANT’S MOTION
The Criminal Procedure Law requires pretrial motions to be made returnable on the same date, within 45 days of the arraignment of the defendant in a criminal case and before the commencement of trial. (CPL 255.20, 710.40, 710.60.) This includes the motion to suppress physical evidence under CPL 710.20. Here, counsel for the defendant had submitted written omnibus motions, which included a motion to suppress, which was denied in a decision by Honorable Pasquale Bifulco, Judge of the New York City Criminal Court, in a decision on June 11, 1985. The case was set over for trial, before me, on July 19, 1985.
On July 19, . 1985, the eve of trial, defense counsel called to *429 the court’s attention a United States Supreme Court decision (Maryland v Macon, 472 US —, 105 S Ct 2778 [June 17, 1985]), which contained 1st Amendment issues similar to those contained in this case.
The CPL makes provision for the court to entertain a motion to suppress after the 45-day period where the defendant "could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one” (CPL 255.20 [3]). The advent of a United States Supreme Court case touching on the same "seizure” question upon which this case turns is sufficient good cause for this court to consider a motion to suppress upon the eve of trial. (People v Wyssling, 82 Misc 2d 708 [1975]; People v Huelin, 85 Misc 2d 139 [1975].)
THE SEIZURE QUESTION
The crucial issue in this case is whether the retention of the two video cassettes after the 24-hour rental period, without first having obtained a warrant from a Judge, was an illegal seizure of the tapes in violation of the defendant’s 1st and 4th Amendment rights requiring their suppression from use at trial.
In the recent United States Supreme Court case, Maryland v Macon (472 US —, 105 S Ct 2778, supra), the majority held that a purchase of presumptively protected materials by an undercover officer was not a seizure within the meaning of the 4th Amendment. The court held that a 4th Amendment seizure occurs "when 'there is some meaningful interference with an individual’s possessory interests’ in the property seized”. (Maryland v Macon, supra, p —, p 2782.) The court further stated that with a sale an individual transfers voluntarily any possessory interest he might have in the property in exchange for funds. (Lewis v United States, 385 US 206 [1966].)
The US Constitution 1st Amendment places special constraints on searches for and seizures of presumptively protected materials such as books, magazines, newspapers, film and video cassettes. (Lo-Ji Sales v New York, 442 US 319 [1979]; People v P. J. Video, 65 NY2d 566.) In applying the 4th Amendment to such items the court must act with "scrupulous exactitude”. (Stanford v Texas, 379 US 476, 485; Maryland v Macon, supra.)
*430 An official seizure of presumptively protected videotapes is not reasonable within the mandates of US Constitution 4th Amendment and NY Constitution, article I, § 12 unless a neutral and detached magistrate has issued a warrant particularly describing the things to be seized. (Lo-Ji Sales v New York, supra; Stanford v Texas, supra; People v P. J. Video, supra.) The warrant must be based on a proceeding in which the magistrate has the opportunity to focus searchingly on the question of obscenity. (Marcus v Search Warrant, 367 US 717 [1961]; Roaden v Kentucky, 413 US 496 [1973]; Heller v New York, 413 US 483 [1973]; Lee Art Theatre v Virginia, 392 US 636 [1968].) This duty the judge may not delegate as he must with reference to applying the 4th Amendment to these protected items act with "scrupulous exactitude”. (Stanford v Texas, supra, p 485; People v P. J. Video, supra.) The difficult decision as to whether probable or reasonable cause to believe an item is obscene must by law reside with the judge and can under no circumstances be left to officers "engaged in the often competitive enterprise of ferreting out crime”. (Johnson v United States, 333 US 10, 14 [1948].) Because their seizure may be based on the ideas they contain and constitute a prior restraint, there is a higher standard for evaluation of a warrant application seeking to seize such things as books and films as distinguished from one seeking to seize weapons or drugs. (Roaden v Kentucky, supra; People v P. J. Video, supra.)
A rental is not a sale. In a rental the owner of the property retains a possessory interest in the property which he temporarily surrenders for the rental period and which reverts to him at the end of the agreed-upon period. When we recognize the 1st Amendment concerns for illegal seizure and prior restraint upon presumptively protected materials such as videotapes, any interference with the owners’ possessory interest in such materials is significant.
A retention of such material beyond the contractual period, such as we have here, without the securing of a judicial warrant to seize such items, is illegal and is not remedied by the showing of the tapes to a Criminal Court judge some three or four days after the rental period expired. An examination of "scrupulous exactitude” by a judge or magistrate must take place before, not after, protected items are seized. The very nature of these special 1st Amendment protections as applied to the 4th Amendment will not enable the People to rely on the payment of a late charge to avoid the requirement that material of this nature be examined by a neutral magistrate *431 before it is seized where the owner retains a possessory interest in the materials.
For these reasons the retention of the two video cassettes that are the subject of this motion beyond Friday, September 7, 1984, constituted an illegal seizure of the tapes.
Constitutional rights are not mere technicalities. The warrant requirement prior to seizure of materials protected by the 1st Amendment is designed to ensure a free and open exchange in the marketplace of ideas.
PRIOR RESTRAINT AND THE SEARCH WARRANT
The defendant also contends that the tapes should also be suppressed because their seizure amounted to an illegal prior restraint of 1st Amendment material and the warrant that was issued on September 12, 1984 pertained to similar tapes and not the two tapes to be offered into evidence at the trial of this action.
The remedy for prior restraint is to secure return of the materials or copies of them in a procedure, held pretrial, as outlined in Heller v New York (supra). There was no request for such a pretrial proceeding in this case. Also, the warrant that eventually did issue for these tapes, although untimely, is specific enough to include the two tapes, subject to this motion, already in police custody.
A motion to suppress must be granted summarily, without a hearing, where the motion papers comply with the requirements of CPL 710.60 (1) and the People concede the truth of the allegations of fact therein which support the defendant’s motion.
Here, the People concede a seizure warrant was not obtained until some five days (Sept. 12, 1984) after the initial 24-hour rental period for the tapes had expired. The court finds this to have been an illegal seizure under the US Constitution 1st and 4th Amendments, as applied to the States by the 14th Amendment and also violative of the NY Constitution.
Accordingly, defendant’s motion to suppress is granted.