OPINION OF THE COURT
Joel L. Lefkowitz, J.
The defendant is charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and has moved to suppress the results of a chemical test of his breath. A pretrial hearing was held to determine whether there existed probable cause for the defendant’s arrest and whether, in the circum *962 stances of the within case, the results of the chemical test are admissible herein.
Patrolman Thomas Kenneally testified on direct examination that he was operating a patrol car on April 29, 1989 at approximately 4:00 A.M., southbound on Laurel Road, Town of Huntington, State of New York. As his patrol car approached a rise in the road, the officer noticed the defendant’s vehicle traveling in the opposite direction, coming over the crest of a hill. The officer estimated the speed of the defendant’s vehicle to be 50 miles per hour on a road posted for 30 miles per hour. Officer Kenneally testified that his initial estimate was verified when he glanced at the radar monitor in his vehicle, which monitor recorded the defendant’s speed as 50 miles per hour. The officer further testified that there was absolutely no other traffic on the road when the defendant’s vehicle entered the radar’s "field of vision.” The officer then made a U-turn and followed the defendant for a short distance until the defendant pulled into a parking lot. The defendant shut off his engine and exited his vehicle, as did the officer. Officer Kenneally then testified that he observed the defendant stagger as he approached and, when he asked the defendant to produce a license and registration, he smelled alcohol on the defendant’s breath. Additionally, the police officer noticed that the defendant’s eyes were glassy and bloodshot and that, when the defendant again staggered, he was arrested for driving while intoxicated and taken to the "Stop-DWI” trailer. Officer Kenneally testified that the defendant was arrested at 4:30 a.m. and arrived at the trailer for processing at 4:41 a.m.
The defendant was read his rights concerning submitting to a breath test, followed by his Miranda warnings. The officer testified that the defendant agreed to answer questions, stated that he did not want an attorney and proceeded to admit that he was driving after drinking between 6 and 7 beers at the "Northside” between the hours of 8:00 p.m. and 4:00 a.m. On cross-examination, the witness testified that he did not remember the defendant wanting a lawyer, but that at 4:47 a.m. or 4:57 a.m. the defendant asked to make a telephone call. The officer gave the defendant a telephone directory and, although he does not know whom the defendant called or the substance of the conversation, he remembers the defendant speaking to someone, then taking the Intoxilyzer test at 5:05 a.m. The defendant subsequently made an additional telephone call at 5:17 a.m., after the test was concluded.
The defendant testified that, when initially asked if he *963 wanted to submit to the breath test, he told the police officer that he wanted to call an attorney first. The defendant called his attorney and spoke to the attorney’s wife, who asked him to hold on while she got her husband. The defendant testified that, while waiting for the attorney to get on the telephone, he was told by the police officer that he did not need an attorney, so the defendant hung up without speaking to him. The defendant testified that he hung up "because the cop said I did not need a lawyer.” It is alleged that this statement was made by the officer several times.
After hearing and evaluating the evidence received herein, it is clear to this court that the police officer had reasonable cause to believe that the defendant had committed the offense of speeding in his presence. The officer possessed grounds for following and approaching the defendant’s vehicle. (See, People v Sobotker, 43 NY2d 559; see also, People v Chilton, 69 NY2d 928.) Upon observing the defendant exhibit the classic indication of intoxication — staggered gait, bloodshot and glassy eyes and the smell of alcohol on the breath — Officer Kenneally made an arrest for driving while intoxicated. In determining the issue of probable cause for this arrest, the court must inquire "whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor.” (See, People v Farrell, 89 AD2d 987, 988.) This court finds that the above-described circumstances provided probable cause for the defendant’s arrest.
The remaining issue raised by the defendant at the hearing, namely, the propriety of the police in administering a breath test after telling the defendant that he did not need an attorney, appears to be unique and one of first impression. While a defendant clearly does not have an absolute right to counsel concerning the acceptance or refusal of a chemical test, this stage of the proceeding having been held not to be a "critical stage” for Sixth Amendment purposes (see, People v Shaw, 72 NY2d 1032, 1033), the police must at least provide a defendant the opportunity to attempt to contact his attorney. In People v Gursey (22 NY2d 224) the Court of Appeals held that the results of a chemical test must be suppressed when the defendant was prevented from telephoning his lawyer for legal advice concerning the test prior to its administration. Although it has been held that the police may not interfere with or unreasonably refuse a defendant the opportunity to *964 attempt to confer with counsel (see, People v Stone, 128 Misc 2d 1009), the right to counsel at this stage of the proceeding is only a qualified one.
The defendant in this case was informed of his right to consult with an attorney and was given the opportunity to do so. It was the defendant who hung up the telephone before the attorney’s wife had the opportunity to reach him. Rather than ask his attorney what to do, the defendant chose to hang up and take the test. Assuming that the police officer did tell the defendant that he did not need a lawyer, the officer did nothing to prevent the defendant from either placing the telephone call or completing it and consulting with counsel. Deciding not to consult with counsel was the defendant’s choice. The court does not agree with the defendant’s contention that the police officer’s statement prevented an unfettered right to communicate with an attorney and rendered the subsequent test suppressible. At no time did the defendant testify that the police officer spoke in a threatening or intimidating manner. The court does not find that the police officer employed impermissible coercion in this case. It was the defendant who hung up the telephone and not the officer. All that the defendant had to do was to stay on the telephone and say to his attorney, "Counselor, the police officer told me that I do not need an attorney, but what do you think? Should I take the test or not?” The defendant chose not to do this. After contacting his attorney’s home, the defendant hung up before speaking with the attorney and agreed to take the test. He cannot now complain that the result should be suppressed.
A somewhat analogous situation arose in a case wherein the defendant spoke to his attorney, who told him to take the chemical test. After hanging up, however, the defendant became concerned that his attorney was a young business lawyer, so he asked the police officer his opinion of what to do. The officer reread the prepared statement that the defendant need not take the test but that, if he refused, his license would be suspended, whereupon the defendant took the test. His attorney thereafter sought to suppress the test results as being obtained in violation of the defendant’s rights. The court denied the application, since there is neither an absolute right to counsel nor a constitutional right to refuse to take the chemical test. The court found that the test results were not produced by police interrogation, threats or overbearing conduct in violation of the defendant’s rights. (See, People v Nigohosian, 138 Misc 2d 843.) The same is true of the instant *965 case. It cannot be successfully argued that the limited right to counsel was denied herein. The defendant was advised that he had a right to call his lawyer. A telephone and directory were supplied and the call made. Like the defendant who refused to trust his young business attorney’s advice, the within defendant chose not even to speak with his attorney, but instead decided that the attorney’s advice was not needed prior to agreeing to take the test.
As it is the opinion of this court that there existed probable cause for the defendant’s arrest and that, in the circumstances of the within case, the police officer did not infringe upon the defendant’s qualified right to counsel, the defendant’s motion to suppress the results of a chemical test of his breath is denied. The case shall be set down for trial on October 22, 1991.