■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'RAMA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 15, 1989, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On the instant appeal, the defendant argues that the trial court should have suppressed evidence of his refusal to submit to a breathalyzer test because at the time he was asked to take that test he was deprived of his right to counsel. The defendant did not have a constitutional right to counsel before taking a breathalyzer test *(see, People v Shaw,* 72 NY2d 1032). A defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has the right to consult with a lawyer before deciding whether to consent to a sobriety test, if he requests the assistance of counsel and no danger of delay is posed *(see, People v Shaw, supra; People v Gursey,* 22 NY2d 224, 229). However, a defendant does not have an absolute right to refuse the test until a lawyer reaches the scene *(People v Gursey, supra).* We find that, under the facts of this case, although the defendant requested the assistance of counsel, he was not entitled to wait for an attorney before deciding to take the test since he indicated to the police that he could not get in touch with his attorney because it was too late at night.

The defendant also argues that the so-called *"Allen"* instructions given to the jury were unbalanced, coercive and impermissibly singled out one juror. Such instructions are proper provided they do not (1) urge that a dissenting juror abandon his or her own conviction and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to agree upon a particular verdict, or (3) shame the jury into reaching a verdict *(see, People v Hardy,* 109 AD2d 802). In the instant case, the instructions to the jury were free of these errors.

We have examined the defendant's remaining contentions and have found them to be unpreserved for our review, or without merit, and any errors are harmless beyond a reasonable doubt (CPL 470.05 [2]; *People v Crimmins,* 36 NY2d 230). Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.