■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLE L. DUNN, Also Known as NICHOLE L. DICKENSON, Appellant. [612 NYS2d 266] —Casey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 11, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sexual abuse in the first degree (five counts) and sodomy in the first degree.

During the winter of 1988-1989 defendant, then a 20-year-old woman, was an occasional babysitter for the three sons, aged 7, 5 and 2½ years, of a family that lived in the Town of Argyle, Washington County. It was not until 1992 that the children's parents were made aware of various sex crimes involving the children committed by defendant alone and in conjunction with others. The parents notified the child abuse hotline and a State Police investigator interviewed defendant at her residence and at the State Police Barracks, where she provided a written statement. As a consequence, defendant was arrested for sexual abuse and after further investigation was charged with several counts of that crime, rape in the first degree and sodomy in the first degree.

After a jury trial defendant was convicted of three counts of rape in the first degree (as charged in counts 1, 3 and 5 of the indictment), five counts of sexual abuse in the first degree (as charged in counts 2, 4, 7, 9 and 10) and one count of sodomy in the first degree (as charged in count 6). The sentence imposed on defendant totaled an aggregate term of incarceration of 29⅔ to 89 years. Defendant appeals.

Initially, defendant challenges the legal sufficiency of the evidence as to her conviction under counts 1, 3, 5 and 6 of the indictment. Viewing the evidence in a light most favorable to the People (see, People v June, 183 AD2d 960, 961, lv denied 80 NY2d 905), we agree that the People failed to produce legally sufficient evidence regarding the element of sexual intercourse required for rape in the first degree (see, Penal Law § 130.35).

The testimony of the eldest of the children, who was the alleged victim of these crimes, mentions only "touching" and fails to establish that any "penetration" occurred, as required by Penal Law § 130.00 (1). Lacking other evidence, such as medical testimony or admissions by defendant of sexual intercourse, the People failed to satisfy their burden (see, People v Bleakley, 69 NY2d 490, 495) as to the three counts of rape in the first degree charged in counts 1, 3 and 5 of the indictment. Defendant's convictions on these three counts must be reversed and counts 1, 3 and 5 of the indictment must be dismissed.

A similar result is required with respect to defendant's conviction of sodomy in the first degree under count 6 of the indictment. This count charges defendant on an accomplice theory of liability (see, Penal Law § 20.00) with an act of sodomy. The actual perpetrator of the crime was the child's uncle. Count 6 of the indictment alleges that defendant "did push on the backside of [the uncle], forcing [the uncle's] penis into the victim's anus". The proof does not, however, support the crime as charged. The victim merely testified to defendant's pushing his uncle toward him. The testimony is, therefore, legally insufficient to support the crime as it is charged in count 6 of the indictment. Accordingly, this conviction must also be reversed and count 6 dismissed (see, People v Bleakley, supra).

As to defendant's claim that the time period of the crimes was not sufficiently particular, we find no merit. The indictment set forth a time span sufficient to apprise defendant of the relevant period of the commission of the alleged crimes, considering the type and nature of the crimes charged, the tender ages of the victims and other relevant factors (see, People v Watt, 81 NY2d 772, 774-775; People v Keindl, 68 NY2d 410, 419; People v Morris, 61 NY2d 290, 295-296). Defendant claims that the testimony of the State Police investigator was hearsay and improperly bolstered the victims' testimony, but defendant failed to object to this testimony and to preserve the issue for appellate review. Defendant only objected to that portion of the investigator's testimony which concerned the time frame of the incidents. Defendant made no objection to the hearsay nature of the testimony, nor did she request any limiting instructions prior to County Court's charge. Thus, despite the error which may have occurred in allowing the investigator to testify to what the victims told him, and the improper bolstering of their testimony, defendant, by failing to object, did not preserve the

issue as a question of law for appellate review *(see,* CPL 470.05 [2]; *People v Gomez,* 112 AD2d 445, 446, *lv denied* 66 NY2d 919). In this regard we decline to reverse the convictions in the interest of justice *(see,* CPL 470.15 [6] [a]) because we find no significant probability that the exclusion of any inadmissible details in the victims' statements to the investigator would have resulted in acquittal *(see, People v Rice,* 75 NY2d 929, 932).

We also reject defendant's contention that she was prejudiced by County Court's instructions on reasonable doubt. Defendant did not object to the charge as given, and the charge as a whole conveyed the proper standard to the jury *(see, People v Balian,* 49 AD2d 94, 98). In these circumstances, we do not find sufficient grounds for reversal in the interest of justice *(see, People v Luis,* 145 AD2d 960, 961, *lv denied* 73 NY2d 923).

Having reversed and dismissed the four violent felony convictions against defendant, we reduce defendant's original sentence to an indeterminate term of incarceration of 10 to 20 years on the remaining five counts of sexual abuse in the first degree *(see,* Penal Law § 70.30 [1] [c] [i]).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of rape in the first degree under counts 1, 3 and 5 of the indictment and sodomy in the first degree under count 6 of the indictment; counts 1, 3, 5 and 6 of the indictment are dismissed, and defendant's sentence is reduced to an indeterminate term of incarceration having a maximum of 20 years and a minimum of 10 years; and, as so modified, affirmed.