■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. PEABODY, Appellant. [615 NYS2d 92] —Mercure, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 11, 1993,

upon a verdict convicting defendant of the crime of driving while intoxicated.

We reject the contentions advanced by defendant and accordingly affirm County Court's judgment of conviction. Initially, we agree with County Court's determination of defendant's *Huntley* motion, suppressing only statements made by defendant after he invoked his right to counsel by declaring his refusal to submit to a breathalyzer test unless the Public Defender was present. In our view, County Court was not required to exclude all evidence of defendant's refusal to submit to a chemical test *(see,* Vehicle and Traffic Law §§ 1192, 1194 [2] [f]; *People v O'Rama,* 78 NY2d 270, 280-281). Contrary to defendant's characterization of the evidence, our review of the record reveals ample factual support for a finding that defendant was given an adequate opportunity to consult with counsel and was accurately apprised of the consequences of his refusal to submit to the breathalyzer test *(see, People v O'Rama, supra; cf., People v Gursey,* 22 NY2d 224). Further, because defendant raised no objection to prosecution testimony concerning his refusal, he may not now argue that County Court erred in receiving the testimony and in instructing the jury on the applicable law *(see,* CPL 470.05 [2]; *People v Dunn,* 204 AD2d 919, 920-921; *People v Gomez,* 112 AD2d 445, 446, *lv denied* 66 NY2d 919).

In view of defendant's effort on summation to blame the police for his claimed inability to secure the presence of an attorney, the prosecutor's references in his summation to defendant's assertion of his right to have counsel present during the administration of the breathalyzer test, and suggestion that defendant actually avoided the test because of his intoxication, constituted fair comment. Nor are we persuaded that County Court abused its discretion by restricting cross-examination of prosecution witnesses on such matters as the effect a cold may have on the symptomatology of intoxication and whether it is possible for a person to be "stone sober" and yet have the smell of alcohol on his breath. Defendant's remaining contentions either have not been preserved for appellate review, are not supported by the record or have been considered and rejected as meritless.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.