OPINION OF THE COURT
Karen Morris, J.
Defendant is charged with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), and failing to signal a lane change in violation of Vehicle and Traffic Law *167 § 1163 (d). Defendant moved to suppress the results of a breathalyzer test and a hearing was held on June 15, 1998. The arresting deputy testified as follows. On November 14, 1997 at 2:18 a.m. defendant was driving a car on Route 590 south; he observed various traffic infractions and stopped defendant’s car; he made certain observations, administered certain field sobriety tests, and formed an opinion that defendant had been driving while intoxicated; the officer then arrested defendant; in due course the Sheriffs star van arrived containing the breathalyzer device; at 3:00 a.m. the officer asked the defendant if he would submit to a breathalyzer test; the defendant was undecided and asked to speak with attorney Michael Barone of Buffalo; the van was equipped with a cellular phone and the Rochester phone book — both white and yellow pages; a call was placed by either the officer or dispatcher (the officer was unable to recall which) to attorney Barone’s office but no one answered; the officer left a message on Mr. Barone’s voicemail; the defendant next asked to speak to attorney Joe Nesser of Rochester; the officer or dispatcher attempted to contact Mr. Nesser at his office but no one answered; a message was left on Mr. Nesser’s voicemail; the officer did not try either attorney’s home phone; defendant submitted to the breathalyzer test.
The defendant testified as follows. He informed the officer that he wished to speak to an attorney both before the star van arrived and while he was in the van; his purpose in wanting to speak to an attorney was to obtain advice on whether or not to take the breathalyzer test; he first asked to speak to Michael Barone of Buffalo; he then asked to speak with attorney Joe Nesser of Rochester; defendant was advised by the officer that an attempt was made to call both attorneys but contact was not made with either.
Defendant proved that the white pages of the current Rochester phone book contain both the office and home numbers for attorney Joe Nesser. My own perusal of the yellow pages establishes that neither Mr. Nesser’s listing nor his full-page advertisement contains his home phone. A note in the ad states, “Call 24 hours”. A call to the number during nonbusiness hours yields a taped message and an opportunity to leave a voicemail communication.
Where a defendant requests to speak with an attorney prior to deciding whether to submit to a chemical test, “law enforcement officials may not, without justification, prevent access between the criminal accused and his lawyer, available in person *168 or by immediate telephone communication, if such access does not interfere unduly with the matter at hand.” (People v Gursey, 22 NY2d 224, 227 [1968].) This rule recognizes the importance of counsel in criminal proceedings affecting significant legal rights. (People v Stone, 128 Misc 2d 1009 [Crim Ct, Richmond County 1985].) In Gursey (supra), the defendant asked to speak with his attorney but the police refused to contact the lawyer. In Stone (supra), the police officer refused defendant’s request that the officer call defendant’s family to ask them to get him a lawyer. As a direct result of the failure to make each call, the Courts in both cases suppressed the results of a breathalyzer test.
A prerequisite to the right to consult with counsel is a request by defendant to speak with an attorney concerning the breathalyzer decision. The police are not obligated to inform defendant of this right. (People v Shaw, 72 NY2d 1032 [1988].)
The issue in the case at bar is whether law enforcement officers satisfy their responsibility under Gursey (supra) where a defendant’s attorney is called only at the office at a time when the attorney is not likely to be there (predawn in this case) and the attorney’s home phone is listed in the white pages. Stated differently, can the officer consult only the yellow pages in an attempt to contact a defendant’s attorney?
The right to consult with counsel cannot be realized if counsel cannot be contacted. Where the defendant is in custody and is reliant on a law enforcement officer to contact the attorney, the officer must make a reasonable attempt to reach defendant’s lawyer. If the contact is attempted well outside of normal business hours, efforts to reach the lawyer only at the office when the home phone number is readily available are not reasonable and therefore are insufficient. A reasonable effort in such circumstances requires the officer to locate the lawyer’s home phone number if it is listed in either the yellow or the white pages of the phone book. Anything less deprives defendant of his right to access to counsel. Presumably this requirement will not “interfere unduly with the matter at hand.” (People v Gursey, supra, at 227.) The time necessary to check the phone book is but a matter of minutes at most; a two-hour window exists for administering the chemical test. (Vehicle and Traffic Law § 1194 [2].)
In this case defendant’s right to consult with an attorney before deciding to submit to the breathalyzer was denied. Defendant’s Rochester attorney’s home phone was publicly available in the white pages. Either the dispatcher failed to *169 consult that part of the phone book, or for some unknown reason the dispatcher chose not to call the attorney at home. Either circumstance violates defendant’s right pursuant to Gursey (supra). I therefore grant defendant’s motion to suppress the breathalyzer.
In this case and in Gursey (supra), the defendant identified the name of a specific attorney whose advice defendant sought. Said the Court in Gursey (at 227) “Significantly, defendant had a particular attorney in mind when he requested permission to call.” This case does not address the circumstance where the defendant does not have the name of a specific attorney to call. Further, had Mr. Cole’s attorney been called at both work and home and could not be reached at either location, the breathalyzer results would not have been suppressed. Pursuant to People v O’Rama (162 AD2d 727 [1990]), if an attorney is unavailable, the defendant has no right to refuse the test pending availability of the lawyer.