■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY KEARNEY, Appellant. [691 NYS2d 71] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Klein, J.), rendered July 30, 1998, convicting him of vehicular manslaughter in the second degree (four counts), vehicular assault in the second degree (two counts), operating a motor vehicle while under the influence of alcohol as a felony (two counts), speeding, and failing to stop at a traffic signal, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pitts, J.), of that branch of the defendant's omnibus motion which was to suppress the results of the test performed on blood taken from him.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied access to counsel before consenting to a blood test. It is well settled that a defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has the right to consult with a lawyer before deciding whether to consent to a sobriety test, if he requests the assistance of counsel and no danger of delay is posed (*see, People v Gursey,* 22 NY2d 224, 229; *People v O'Rama,* 162 AD2d 727, *revd on other grounds* 78 NY2d 270). However, a defendant does not have the right to refuse the test until a lawyer reaches the scene (*see, People v O'Rama, supra*).

The police officers' efforts to contact the defendant's attorney were reasonable and sufficient under the circumstances of this case (*see,* Vehicle and Traffic Law § 1194 [2]; *People v Gursey, supra; People v O'Rama, supra*). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the results of the test performed on blood taken from the defendant after he consented to the test in the absence of an attorney. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.