THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DePONCEAU, Appellant. [715 NYS2d 197] —Judgment unanimously affirmed. Memorandum: Defendant, who had been arrested for driving while intoxicated, had the right to consult with his attorney before deciding whether to consent to a blood test (*see, People v Shaw*, 72 NY2d 1032, 1033-1034; *see also, People v Isaac*, 224 AD2d 993, 994, *lv denied* 88 NY2d 937). However, there is no "absolute right to refuse the test until a lawyer reaches the scene * * *. If the lawyer is not physically present and cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel" (*People v Gursey*, 22 NY2d 224, 229). Here, after defendant requested a named attorney, the arresting officer made "reasonable and sufficient" efforts to contact the attorney twice but, given the late hour, was unsuccessful (*People v Kearney*, 261 AD2d 638, *lv denied* 93 NY2d 1020). Thus, defendant was properly required to choose between taking the blood test or losing his license (*see, People v Gursey, supra*, at 229).

We do not agree with defendant that the statements he made to the arresting officer were admitted in violation of his right to counsel. The only relevant information defendant provided was that he drank two light beers and had taken some cough medicine earlier that evening. Defendant spontaneously volunteered that information when the arresting officer asked him to take the blood test, and thus the information was not the product of police interrogation or its functional equivalent (*see, People v Reinard*, 244 AD2d 936, *lv denied* 91 NY2d 896). In any event, the alleged error is harmless. The evidence of defendant's guilt is overwhelming and there is no reasonable

possibility that those exculpatory statements contributed to defendant's conviction (*see, People v Pope*, 241 AD2d 756, 759-760, *lv denied* 91 NY2d 878, 1011; *People v Wiesmore*, 204 AD2d 1003, 1006, *lv denied* 84 NY2d 873). (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.