◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN VINOGRADOV, Appellant. [742 NYS2d 698] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 19, 2000, upon a verdict convicting defendant of the crime of driving while ability impaired by alcohol.

During the early morning hours of June 5, 1999 in the Town of New Paltz, Ulster County, a town police officer, Sergeant Joseph Snyder, observed defendant's vehicle proceeding in an erratic manner by, inter alia, weaving to the right of the fog line and traveling beyond the edge of the paved highway. After stopping the vehicle, Snyder detected the odor of alcohol emanating from defendant and observed that defendant's eyes were glassy and his speech slurred. After failing several field sobriety tests, defendant was advised that he was under arrest for driving while intoxicated (hereinafter DWI), that his refusal to submit to a chemical test would result in the immediate suspension and subsequent revocation of his driver's license and that a refusal could be admitted as evidence against him at a future trial or hearing. In response, defendant refused to submit to a breathalyzer test. Snyder also advised defendant of his *Miranda* rights and, when asked if he would talk without an attorney, defendant responded, "No." After they arrived at the police station, Snyder again advised defendant of the DWI warnings and, when asked if he would submit to a breathalyzer test, defendant replied, "No." Thereafter, defendant was indicted on a felony charge of DWI.

At the time of his 1999 arrest, defendant was serving a term of five years' probation imposed upon his 1996 conviction for felony DWI. Thereafter, defendant was declared to be delinquent for violating specified conditions of his probation (*see,* CPL 410.30). In May 2000, County Court held a violation hearing after which the court determined that defendant had violated the terms of his probation, revoked his probation and sentenced him to an indeterminate prison term of $1^1/_3$ to 4 years.

In September 2000, a jury found defendant not guilty of the 1999 DWI charge, but guilty of driving while ability impaired, and he was sentenced to 89 days in jail. Defendant appeals

from the judgment of conviction after the jury trial, but did not appeal from County Court's May 2000 judgment revoking his probation and resentencing him to a term of imprisonment.*

We affirm. Initially, we reject defendant's assertion that his alleged post-*Miranda* request for the assistance of counsel was violated when he was later asked at the station if he was willing to submit to a breathalyzer test. Defense counsel never moved to suppress any of defendant's statements, nor did he object to Snyder's testimony at trial. Accordingly, arguments regarding the admissibility of any response made by defendant to Snyder have not been preserved for our review (*see,* CPL 470.05 [2]; *People v Peabody,* 206 AD2d 754, 755; *People v Dunn,* 204 AD2d 919, 920-921, *lv denied* 84 NY2d 907).

In any event, while an individual arrested for DWI has a right to receive the aid of an attorney in deciding whether to submit to a sobriety test, any request for such assistance must be specifically made (*see, People v Shaw,* 72 NY2d 1032, 1033-1034; *People v Bradway,* 285 AD2d 831, 833, *lv denied* 97 NY2d 639; *People v Peabody, supra* at 755; *People v Hart,* 191 AD2d 991, 992, *lv denied* 81 NY2d 1014). Even upon a specific request, there is no absolute right to consult with an attorney before deciding whether to submit to a test. " 'If the lawyer is not physically present and cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test [or] submitting to revocation of his license, without the aid of counsel' " (*People v DePonceau,* 275 AD2d 994, 994, *lv denied* 95 NY2d 962, quoting *People v Gursey,* 22 NY2d 224, 228-229; *see,* Vehicle and Traffic Law § 1194 [1], [2]; *People v Kearney,* 261 AD2d 638, 638, *lv denied* 93 NY2d 1020). Here, contrary to defendant's characterization of the evidence, the trial record does not support the conclusion that he ever requested the aid of counsel.

Under these circumstances, we also must reject defendant's contention regarding the propriety of County Court's charge to the jury that defendant's post-*Miranda* refusal to talk without an attorney did not preclude Snyder from subsequently asking defendant at the station if he would submit to a breathalyzer test. At the request of the prosecutor—apparently in anticipation of a defense argument in closing that Snyder's question violated defendant's constitutional rights—and over the objection of defendant, County Court instructed the jury that ask-

---

* While defendant appears to be under the impression that he has appealed from the May 2000 judgment of conviction on the probation violation, the record demonstrates that only the September 2000 judgment is before us on appeal.

ing defendant if he was willing to submit to a breathalyzer test after defendant had declined to speak without an attorney was not a violation of defendant's constitutional right to remain silent. As discussed above, the requested instruction was an accurate statement of the law, given the specific facts presented here. Thus, although the instruction proved unnecessary because defense counsel never made the anticipated argument, we discern no harm to defendant.

Finally, it was not error for County Court to inform the jury that the law required the court to instruct that the jury could consider the lesser included offense of driving while impaired, of which the jury ultimately convicted defendant. Because defendant had requested the instruction on this lesser included offense, County Court's characterization of the charge as being "required" under these circumstances was not error (*see,* CPL 300.50 [2]; *People v Hoag,* 51 NY2d 632, 635). Also, defendant did not object to the charge as given and, thus, failed to preserve any argument with respect to the wording of this instruction (*see,* CPL 300.50 [1]; 470.05 [2]).

We have examined defendant's remaining contentions and find they are without merit.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that judgment is affirmed.