■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. MONAHAN, Appellant. [744 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk

County (Copertino, J.), rendered September 7, 1999, convicting him of operating a motor vehicle under the influence of alcohol as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"It is well settled that a defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has the right to consult with a lawyer before deciding whether to consent to a [breathalyzer] test, if he [or she] requests the assistance of counsel and no danger of delay is posed" (*People v Kearney,* 261 AD2d 638; *see People v Gursey,* 22 NY2d 224, 229; *People v O'Rama,* 162 AD2d 727, *revd on other grounds* 78 NY2d 270). However, a defendant does not have the "absolute right to refuse the test until a lawyer reaches the scene" (*People v Gursey, supra* at 229). If a defendant refuses to take a breathalyzer test, evidence of such refusal is admissible at trial if the defendant was given clear and unequivocal warning of the effect of the refusal to submit to the test (*see People v Thomas,* 46 NY2d 100, 108).

The defendant's contention that his request to speak to an attorney should not be construed as a refusal to consent to a breathalyzer test is without merit (*see Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehicles,* 215 AD2d 476, 477; *People v Peabody,* 206 AD2d 754, 755; *Matter of O'Brien v Melton,* 61 AD2d 1091). Moreover, the record indicates that the defendant was accurately apprised of the consequences of his refusal to submit to the breathalyzer test (*see People v Thomas, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.