■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. HORSEY, Appellant. [845 NYS2d 604]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 15, 2004. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated (two counts) and driving without headlamps.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]) and driving without headlamps (§ 375 [2] [a] [1]). Contrary to defendant's contention, County Court properly concluded that the police made " 'reasonable and sufficient' efforts" to contact an attorney upon the request of defendant prior to eliciting his consent to submit to the chemical breath test (*People v DePonceau*, 275 AD2d 994, 994 [2000], *lv denied* 95 NY2d 962 [2000]; *see generally People v Shaw*, 72 NY2d 1032, 1033-1034 [1988]; *People v Gursey*, 22 NY2d 224, 227-229 [1968]; *People v Monahan*, 295 AD2d 626, 627 [2002], *lv denied* 98 NY2d 770 [2002]). Where, as here, the attorney requested by the defendant " 'cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel' " (*DePonceau*, 275 AD2d at 994, quoting *Gursey*, 22 NY2d at 229).

Contrary to the further contention of defendant, the court properly denied his challenge for cause to a prospective juror. The prospective juror gave the requisite unequivocal assurances that she would follow the law and consider police testimony just as she would any other testimony (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Madison*, 8 AD3d 956, 957 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Cato*, 306 AD2d 912, 913 [2003], *lv denied* 1 NY3d 569 [2003]; *see generally People v Johnson*, 94 NY2d 600, 614 [2000]).

We reject defendant's contention that the court erred in al-

lowing the People to introduce *Molineux* evidence. The evidence was properly admitted in order to complete the narrative of the chemical breath test operator with respect to his preliminary steps in administering the breath test to defendant, and it was admissible in order to lay a foundation for the breath test results (*see generally People v Tosca*, 98 NY2d 660 [2002]; *People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Corchado*, 299 AD2d 843 [2002], *lv denied* 99 NY2d 581 [2003]). Moreover, the evidence circumstantially established defendant's intoxication, i.e., by demonstrating defendant's belligerence (*see generally People v Neil*, 30 AD3d 901, 902 [2006], *lv denied* 7 NY3d 869 [2006]; *People v O'Meara*, 182 AD2d 1116 [1992], *lv denied* 80 NY2d 836 [1992]), and we conclude that its probative value outweighed the risk of undue prejudice (*see Till*, 87 NY2d at 836-837; *People v Alvino*, 71 NY2d 233, 242 [1987]). In any event, any error in admitting the evidence is harmless (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.