■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS J. JOSEPH, Appellant. [903 NYS2d 651]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 12, 2009. The judgment convicted defendant, upon a nonjury verdict, of aggravated vehicular assault, assault in the second degree (two counts), leaving the scene of a personal injury accident, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, criminal possession of a con-

trolled substance in the seventh degree, and perjury in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of one count each of aggravated vehicular assault (Penal Law § 120.04-a [4]), leaving the scene of a personal injury accident (Vehicle and Traffic Law § 600 [2] [a]), driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a] [DWAI]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and perjury in the first degree (Penal Law § 210.15), and two counts of assault in the second degree (Penal Law § 120.05 [4]). We reject defendant's contention that Supreme Court erred in admitting in evidence the test results of blood samples taken from the interior of the vehicle driven by defendant on the date of the accident. " 'Where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence, any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility' " (*People v Caswell*, 56 AD3d 1300, 1303 [2008], *lv denied* 11 NY3d 923 [2009], *denied reconsideration* 12 NY3d 781 [2009]). We also reject the contention of defendant that the court erred in allowing the People's expert to testify that the cocaine found in the blood samples taken from defendant's car was present in defendant's bloodstream prior to the accident. Based upon our review of the transcript of the *Frye* hearing, we conclude that the court properly determined that the techniques employed by the laboratory personnel were generally accepted as reliable within the scientific community (*see People v LeGrand*, 8 NY3d 449, 457 [2007]; *People v Wesley*, 83 NY2d 417, 422-423 [1994]). Although the samples tested by the People's expert were unique in the respect that they consisted of dried blood, the techniques employed by the expert, i.e., gas chromatography-mass spectrometry and immunoassay, were routine and generally accepted as reliable to detect the presence of cocaine and its metabolites.

Contrary to the further contention of defendant, the conviction of aggravated vehicular assault should not be deemed a dismissal of the DWAI count and the two counts of assault in the second degree, inasmuch as they are not inclusory concurrent counts of aggravated vehicular assault. Concurrent counts are inclusory "when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30 [4]). "When

it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense' " (CPL 1.20 [37]). Whether a particular crime is a lesser included offense of another crime, which as noted is a necessary element of an inclusory concurrent offense (*see* CPL 300.30 [4]), "turns not on the facts of a particular case but on 'a comparative examination of the statutes defining the two crimes, in the abstract' " (*People v Leon*, 7 NY3d 109, 112 [2006], quoting *People v Glover*, 57 NY2d 61, 64 [1982]). Because it is possible to commit aggravated vehicular assault without concomitantly, by the same conduct, driving in a condition impaired by the combined influence of drugs or of alcohol and any drug or drugs, the latter is not a lesser included count of the former (*see id.*). Nor is assault in the second degree a lesser included count of aggravated vehicular assault, because the former offense requires proof of an element not required by the latter, i.e., a mens rea of recklessness (*see generally People v Acevedo*, 40 NY2d 701, 706 [1976]; *People v Edwards*, 39 AD3d 875 [2007]).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to specified counts of the indictment (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his present contention that the evidence at trial is legally insufficient to support the conviction of leaving the scene of a personal injury accident because he failed to raise that contention in support of his motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, there is no merit to the present contention of defendant that the People failed to establish that he knew or had reason to know that he caused serious physical injury to an individual in the stalled vehicle that he struck. To establish a violation of Vehicle and Traffic Law § 600 (2) (a), the People were required to establish only that defendant "kn[ew] or ha[d] cause to know that personal injury ha[d] been caused to another person" as a result of the accident. Here, the People presented evidence at trial establishing that defendant's vehicle slammed into the rear end of the stopped vehicle at a speed of 75 miles per hour, causing significant damage to the front end of defendant's vehicle and causing the trunk of the other vehicle to be pushed into the back seat of that vehicle (*see generally Bleakley*, 69 NY2d at 495). Further, as defend-

ant correctly concedes, he also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of aggravated vehicular assault and assault in the second degree with respect to the infant victim (*see Gray*, 86 NY2d at 19).

Finally, the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.