■ The People of the State of New York, Appellant, v Jose Mora-Hernandez, Respondent. [909 NYS2d 435]—

Order, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), entered on or about May 19, 2009, which granted defendant's suppression motion, unanimously affirmed.

The court properly granted defendant's motion to suppress the results of a breathalyzer test and the videotape made of the test on the ground that the officers violated his right to counsel. The police ignored defendant's repeated requests for counsel prior to the administration of the test. A defendant who has been arrested for driving while intoxicated and requests assistance of counsel generally has the right to consult with an attorney before deciding whether to consent to a sobriety test (*People v Shaw*, 72 NY2d 1032 [1988]). As in *People v Gursey* (22 NY2d 224 [1968]), the officers prevented defendant from contacting his lawyer when there was no indication that granting defendant's request would have substantially interfered with the investigative procedure. The record contradicts the People's contention that defendant voluntarily abandoned his request for counsel when he agreed to take the test. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.

■ The People of the State of New York, Respondent, v Jasmine Grooms, Appellant. [908 NYS2d 878]—Judgment, Supreme Court, Bronx County (Dineen Ann Riviezzo, J.), rendered on or about July 9, 2009, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.