OPINION OF THE COURT
Memorandum.
Ordered that so much of the appeal as is from the judgments convicting defendant of disobeying a traffic control device and speeding, respectively, is dismissed as abandoned; and it is further, ordered that the judgments convicting defendant of driving while intoxicated (per se) and driving while intoxicated (common law) are reversed, on the law, defendant’s pleas of guilty to these charges are vacated, so much of the order dated October 17, 2012 as, upon reargument, adhered to the court’s prior determination denying, after a hearing, defendant’s application to suppress the results of a chemical test for blood alcohol content is vacated, defendant’s application is granted, and the matter is remitted to the Justice Court for all further proceedings on these two charges.
Defendant was arrested and charged in separate accusatory instruments with driving while intoxicated (per se) (Vehicle *65 and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), disobeying a traffic control device (Vehicle and Traffic Law § 1110 [a]), and speeding (Vehicle and Traffic Law § 1180 [a]), respectively. Prior to trial, defendant made an application to suppress the results of a chemical test, which revealed a .16% blood alcohol content. A hearing was conducted, and the testimony demonstrated that, following defendant’s arrest, his vehicle had been impounded and defendant had been taken to a police station, where he had been asked whether he would consent to take a chemical test. Defendant made several requests of the police to consult with counsel before consenting to take the test; however, these requests were denied since defendant did not have the telephone numbers of the three individuals he named and the police refused to try to obtain them. Defendant then requested that the police allow him to call 411 in order to obtain the numbers or that they retrieve his cell phones, which allegedly contained these contact numbers, from his car. When these requests were also denied, defendant agreed to submit to the test without the benefit of counsel’s advice.
Following the hearing, the Justice Court denied defendant’s application to suppress the results of the chemical test, finding that defendant had declined to contact counsel. Defendant moved for leave to reargue, contending that the court had overlooked or misapprehended the primary issue that was before it, namely, whether the police had failed to make reasonable and sufficient efforts to contact defendant’s requested counsel. The People opposed the motion. The court granted re-argument but adhered to its original determination denying suppression. Defendant ultimately pleaded guilty to all charges; however, he specifically conditioned his pleas on the fact that he was not waiving his right to appeal and that his application to suppress the results of the chemical test would not be withdrawn.[1]
It is well settled that a defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has a limited right to consult with an attorney before deciding whether to consent to a chemical test, if he or she requests the assistance of counsel and no danger of delay in *66 the administration of the test is posed (see People v Washington, 23 NY3d 228 [2014]; People v Shaw, 72 NY2d 1032 [1988]; People v Gursey, 22 NY2d 224, 229 [1968]). However, the request must be specific and unequivocal in order to invoke this right (see People v Hart, 191 AD2d 991 [1993]). Thus,
“if a defendant arrested for driving while under the influence of alcohol asks to contact an attorney before responding to a request to take a chemical test, the police may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand” (People v Smith, 18 NY3d 544, 549 [2012] [internal quotation marks omitted]; see also Washington, 23 NY3d at 233; Gursey, 22 NY2d at 229).
Moreover, the police officers’ efforts to contact defendant’s attorney must be reasonable and sufficient under the circumstances (see People v DePonceau, 275 AD2d 994 [2000]; People v Kearney, 261 AD2d 638 [1999]). A violation of defendant’s limited right to legal consultation generally requires suppression of the scientific evidence obtained (see Washington, 23 NY3d at 232; Smith, 18 NY3d at 550).
Here, notwithstanding the Justice Court’s finding to the contrary, the record demonstrates that defendant unequivocally requested the assistance of counsel in connection with making a decision about whether he would take a chemical test. Moreover, since defendant was in police custody at the time that he requested to consult with counsel and he had not memorized the telephone numbers of either of the attorneys he sought to consult,[2] he was reliant on the police to contact the counsel he had requested or to facilitate such contact (see People v Palazzo, 20 Misc 3d 1107[A], 2008 NY Slip Op 51256[U] [Sup Ct, Bronx County 2008]; People v Cole, 178 Misc 2d 166 [Brighton Just Ct 1998]). As a result, the police were required, but failed, to make reasonable and sufficient efforts to facilitate defendant in contacting counsel (see DePonceau, *67 275 AD2d 994; Kearney, 261 AD2d 638), which, under the circumstances presented, could have included either contacting the night operator at the garage where defendant’s car was taken to determine whether his cell phones were in his car, and, if so, to retrieve them, or allowing defendant to dial 411 or look in a telephone book for the telephone numbers (see e.g. People v Gelaj, 21 Misc 3d 1120[A], 2008 NY Slip Op 52105[U] [Sup Ct, Bronx County 2008] [given the fact that the police had custody of the defendant’s car which contained the defendant’s cell phone which had the defendant’s lawyer’s telephone number and that the officer did nothing to facilitate the cell phone’s return to the defendant, the police actually denied the defendant access to his lawyer]; Palazzo, 20 Misc 3d 1107[A], 2008 NY Slip Op 51256[U]; Cole, 178 Misc 2d 166). Instead, the officers took no affirmative steps to try to help place defendant in contact with either of the requested attorneys. By failing to do so, the police, “without justification, prevent[ed] access between the criminal accused and his lawyer” (Gursey, 22 NY2d at 227; see Gelaj, 21 Misc 3d 1120[A], 2008 NY Slip Op 52105 [U]).
We cannot say, based on this record, that the challenged proof was cumulative or too trivial (see People v Wells, 21 NY3d 716, 720 [2013]). Thus, the failure of the Justice Court to suppress the results of the chemical test for blood alcohol content may have affected defendant’s decision to plead guilty to the driving while intoxicated (common law) charge in addition to the driving while intoxicated (per se) charge.
Accordingly, the judgments convicting defendant of driving while intoxicated (per se) and driving while intoxicated (common law) are reversed, defendant’s pleas of guilty to these charges are vacated, so much of the order dated October 17, 2012 as, upon reargument, adhered to the court’s prior determination denying, after a hearing, defendant’s application to suppress the results of a chemical test for blood alcohol content is vacated, defendant’s application is granted, and the matter is remitted to the Justice Court for all further proceedings on these two charges.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.

. Pursuant to CPL 710.70 (2): “An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty.”

. Defendant initially sought to consult with a sitting judge of the Justice Court of the Village of Mamaroneck, who he testified was a neighbor and a friend. When that request was denied by the police, defendant sought to consult with a former judge of the Justice Court of the Village of Mamaroneck, who he testified was in private practice and was also a neighbor and a friend. Defendant also sought to speak with a real estate agent; however, we need not pass on whether he had a right to consult with her prior to agreeing to submit to the chemical test.