## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 7, 2016                    106725
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

WILLIAM R. KEENER,
                    Appellant.
_____

Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        George P. Ferro, Albany, for appellant, and appellant
pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered April 16, 2014, upon a verdict
convicting defendant of the crime of aggravated unlicensed
operation of a motor vehicle in the first degree and the traffic
infraction of driving while ability impaired.

        During the early morning hours of November 6, 2012, Town of
Saugerties Police Officer Bret Rell observed defendant driving a
vehicle without tail lights on State Route 212 in the Town of
Saugerties, Ulster County.  Rell activated his emergency lights
and siren and attempted to pull over defendant's vehicle, but
defendant continued driving for an additional 3½ miles until his
vehicle was boxed in by two patrol vehicles.  Defendant was

thereafter placed under arrest and, while en route to the police station, police detected an odor of alcohol emanating from his breath.  Once at the station, police administered four sobriety tests — all of which defendant failed — and defendant agreed to submit to a chemical test, which yielded a blood alcohol content of .15%.

Defendant was charged with two counts of driving while intoxicated and one count each of aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving and unlawful fleeing a police officer in a motor vehicle in the third degree.  Following a combined Huntley and Dunaway hearing, County Court suppressed all but one of the statements that defendant had made at the police station before he was advised of his Miranda rights and ruled that the results of the field sobriety tests and the chemical test were admissible.  A jury trial ensued, at the conclusion of which defendant was found guilty of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired as a lesser included offense of driving while intoxicated.  He appeals, and we affirm.

Defendant's challenge to the legal sufficiency of the evidence supporting his conviction for aggravated unlicensed operation of a motor vehicle in the first degree is unpreserved for our review, as he failed to move for a trial order of dismissal with respect to that count of the indictment (see People v Gray, 86 NY2d 10, 20-21 [1995]; People v Davis, 133 AD3d 911, 912 [2015]).  To the extent that his pro se submission can be read to challenge the weight of the evidence supporting such conviction, we find the argument to be without merit.  During his arraignment on a special information filed by the People, defendant admitted that he had been previously convicted of felony driving while intoxicated, that his license was thereafter suspended based on his failure to submit to a chemical test, and that he knew or had reason to know that his license remained suspended on the date of the present offenses (see Vehicle and Traffic Law § 511 [1] [a]; [2] [a] [ii]; [3] [a] [i]).  Such admissions established those elements of the instant offense and relieved the People of their burden of proving them (see CPL 200.60 [3] [a]; People v Dailey, 260 AD2d 81, 84-85 [1999], lv denied 94 NY2d 821 [1999]; see also People v Cooper, 78 NY2d 476,

482-483 [1991]; People v Burgess, 89 AD3d 1100, 1101 [2011]).

        Defendant next contends that County Court should have suppressed his oral statement that he had consumed a "couple of beers" that evening, which was made while he was in custody and before he had been advised of his Miranda rights.  Inasmuch as that statement was not introduced at trial, the propriety of that aspect of the court's suppression ruling is academic (see People v Joseph, 97 AD3d 838, 839 [2012]; People v Kirton, 36 AD3d 1011, 1012 [2007], lv denied 8 NY3d 947 [2007]; People v Nevins, 16 AD3d 1046, 1048 [2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]).

        Defendant's assertion that the results of his chemical test should have been suppressed because his right to counsel was violated is similarly without merit.  "While an individual has the right to consult with an attorney in deciding whether to submit to a sobriety test, it is only a qualified right to counsel, not a constitutional one" (People v Curkendall, 12 AD3d 710, 714 [2004], lv denied 4 NY3d 743 [2004] [citations omitted]; see People v Smith, 18 NY3d 544, 548 [2012]; People v Higgins, 124 AD3d 929, 933 [2015]).  To invoke this limited right, the request must be specific and unequivocal (see People v Higgins, 124 AD3d at 933-934; People v Vinogradov, 294 AD2d 708, 709 [2002]; People v Hart, 191 AD2d 991, 992 [1993], lv denied 81 NY2d 1014 [1993]).  Thus, "if a defendant arrested for driving while under the influence of alcohol asks to contact an attorney before responding to a request to take a chemical test, the police 'may not, without justification, prevent access between the criminal accused and his [or her] lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand'" (People v Smith, 18 NY3d at 549, quoting People v Gursey, 22 NY2d 224, 227 [1968]; see People v Washington, 23 NY3d 228, 233 [2014]).

        Here, Rell administered chemical test warnings to defendant at the police station (see Vehicle and Traffic Law § 1194 [2]) and asked him, on more than one occasion, whether he would submit to a chemical test.  Although initially providing nonresponsive statements to Rell's repeated inquiry, defendant ultimately agreed to submit to the test.  At that point, Rell advised

defendant of his Miranda rights and, when asked if he would talk without an attorney, defendant responded, "No. I want my attorney to come here before I do anything further." Several minutes later, defendant asked the officer who was preparing the chemical test whether the officer had called defendant's attorney, apparently under the mistaken belief that the police would do so for him. The officer responded that he had not, but that defendant could call his attorney if he would like. When defendant again expressed his understanding that he did not have to do anything until his attorney was present, this officer reiterated that he could arrange for defendant to call the attorney. Defendant, however, never took the officer up on this offer nor made any further mention of his attorney before submitting to the chemical test a few minutes later. Even assuming that defendant's statements could be viewed as "'a specific request for an attorney vis-à-vis th[e] decision'" to submit to a chemical test (People v Higgins, 124 AD3d at 933-934, quoting People v Curkendall, 12 AD3d at 715), it surely cannot be said that the police "prevent[ed] access between [defendant] and his lawyer" in connection with such decision (People v Gursey, 22 NY2d at 227; see People v Smith, 18 NY3d at 550). Thus, the results of the chemical test were admissible at trial.

Lastly, defendant challenges the manner in which County Court responded to a note from the jury. During deliberations, County Court received a note from the jury that stated: "We, the jury, want it known that one juror[] has withheld the fact he served on a jury of a [driving while intoxicated] case where he regrets his decision of not sticking to his conviction. This is causing him to not deliberate free of bias and with preconceived ideas." The court immediately read the jury note verbatim in the presence of the prosecutor, defense counsel and defendant, thereby fulfilling its "core responsibility" under CPL 310.30 "to give meaningful notice to counsel of the specific content of the jurors' request — in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response — and to provide a meaningful response to the jury" (People v Kisoon, 8 NY3d 129, 134 [2007]; accord People v Silva, 24 NY3d 294, 298-299 [2014]; see People v O'Rama, 78 NY2d 270, 277 [1991]; People v Lee, 129 AD3d 1295, 1299 [2015]). County Court then asked each side for its input and, following a

brief colloquy with the court, defense counsel indicated that he would not consent to the juror's discharge or an inquiry by the court to determine whether the juror in question was grossly disqualified to serve. Defense counsel and the prosecutor ultimately agreed that County Court should reread an Allen charge, which it had given earlier that day, and defense counsel did not object when the response to the note was communicated to the jury. Thus, defendant's present contention — that County Court should have made a probing inquiry to determine whether a juror was unqualified — is unpreserved for our review (see People v Lee, 129 AD3d at 1299-1300; People v Rivera, 83 AD3d 1370, 1370-1371 [2011], lv denied 17 NY3d 904 [2011]; compare People v Brown, 129 AD3d 854, 857-858 [2015]).

Defendant's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.

Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court