People v Dell (2019 NY Slip Op 06315)





People v Dell


2019 NY Slip Op 06315


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


651 KA 16-02251

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMY DELL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
AMY DELL, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 11, 2016. The judgment convicted defendant, upon a jury verdict, of aggravated vehicular homicide (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of aggravated vehicular homicide (Penal Law § 125.14 [1], [3]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]). Defendant failed to preserve her contention in her pro se supplemental brief that County Court should have suppressed the chemical test results measuring her blood alcohol content from two blood samples (see generally People v Holland, 126 AD3d 1514, 1514 [4th Dept 2015], lv denied 25 NY3d 1165 [2015]). In any event, that contention lacks merit because both samples were properly obtained by law enforcement; the first sample was obtained by warrant after it had been collected by medical personnel for medical purposes, and the second sample was drawn from defendant pursuant to a court order (see People v Elysee, 12 NY3d 100, 105 [2009]). We likewise reject defendant's contention in her main brief that the court erred in admitting the chemical test results at trial based on purported gaps in the chain of custody. "Where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence, any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility" (People v Joseph, 75 AD3d 1080, 1081 [4th Dept 2010], lv denied 15 NY3d 853 [2010] [internal quotation marks omitted]). Contrary to defendant's further contention in her main brief, her Sixth Amendment right of confrontation was not violated under Bullcoming v New Mexico (564 US 647, 652 [2011]), where the People called as witnesses both crime laboratory analysts who tested the blood samples.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that an acquittal would have been unreasonable given the two chemical test results, video evidence, witness testimony, and accident reconstruction (see id. at 348). Thus, we reject defendant's contention in her main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant also contends in her pro se supplemental brief that the evidence is legally insufficient to establish that her driver's license had either been suspended or revoked and that she had previously been convicted under Vehicle and Traffic Law § 1192. Defendant waived that contention by admitting to those facts prior to trial (see generally People v Lawrence, 141 AD3d 1079, 1082-1083 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]; People v Ward, 57 AD3d 582, 583 [2d Dept 2008], lv denied 12 NY3d 789 [2009]).
Defendant contends in her main brief that the court erred in admitting testimony regarding her refusals to consent to blood draws for purposes of chemical testing because the police violated her limited right to counsel (see generally People v Gursey, 22 NY2d 224, 227 [1968]). We agree. Defendant requested her attorney before deciding whether to consent to a blood draw and, upon such a request, the police " may not, without justification, prevent access between the [defendant] and his [or her] lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand' " (People v Smith, 18 NY3d 544, 549 [2012], quoting Gursey, 22 NY2d at 227). Here, the record establishes that, despite defendant's requests, the police made no effort to either contact or to facilitate defendant's contact with her attorney, and there is no evidence that a limited delay in testing to allow defendant an opportunity to consult with her attorney would have unduly interfered with law enforcement's efforts to collect a sample (cf. People v Horsey, 45 AD3d 1378, 1379 [4th Dept 2007], lv denied 10 NY3d 766 [2008]). Under these circumstances, where defendant was in a hospital bed and had no apparent ability to contact her attorney without assistance, we conclude that her limited right to counsel was violated, and thus her resulting statements refusing chemical testing should have been suppressed (see generally Smith, 18 NY3d at 549-550). Nevertheless, we conclude that the error was harmless (see People v Warren, 160 AD3d 1132, 1137 [3d Dept 2018], lv denied 31 NY3d 1154 [2018]; cf. Smith, 18 NY3d at 552). We further conclude that any error in admitting defendant's statements invoking her right to counsel was also harmless (see generally People v Daniels, 115 AD3d 1364, 1365 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]).
We reject defendant's contention in her pro se supplemental brief that the court erred in refusing to suppress statements that she made during her arraignment, to law enforcement, and to others, which were spontaneous and were not the result of a custodial interrogation (see People v Gonzales, 75 NY2d 938, 939-940 [1990], cert denied 498 US 833 [1990]).
Defendant's contentions in her pro se supplemental brief with respect to the grand jury proceedings "are not reviewable on appeal because the grand jury minutes are not included in the record on appeal" (People v Barill, 120 AD3d 951, 952 [4th Dept 2014], lv denied 24 NY3d 1042 [2014], reconsideration denied 25 NY3d 949 [2015] [internal quotation marks omitted]). We reject defendant's contention in her main brief that the sentence is unduly harsh and severe (see generally People v Drouin, 115 AD3d 1153, 1156 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]). We have reviewed defendant's remaining contentions in her pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court