People v Butler (2020 NY Slip Op 50761(U))

[*1]

People v Butler (Rayfus)

2020 NY Slip Op 50761(U) [67 Misc 3d 144(A)]

Decided on June 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

14-083

The People of the State of New 
 York, Respondent,
against
Rayfus Butler,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Julio Rodriguez III, J., at suppression motion; Geraldine Pickett, J., at
trial and sentencing), rendered May 31, 2013, after a jury trial, convicting him of driving
while intoxicated per se, and imposing sentence.

Per Curiam.
Judgment of conviction (Julio Rodriguez III, J., at suppression motion; Geraldine
Pickett, J., at trial and sentencing), rendered May 31, 2013, affirmed.
While an individual charged with driving while intoxicated has a right to consult
with an attorney before deciding whether to submit to a chemical test, it is only a
qualified right to counsel, not a constitutional one (see People v Smith, 18 NY3d
544, 549-550 [2012]; People v
Higgins, 124 AD3d 929, 933 [2015]). To invoke this right, the request must be
specific and unequivocal (see
People v Keener, 138 AD3d 1162, 1163 [2016], lv denied 27 NY3d
1134 [2016]). 
Here, the suppression court, which adopted the findings of fact and conclusions of
law made by a judicial hearing officer, properly determined that defendant did not make
a specific and unequivocal request to speak to an attorney before deciding to submit to
the breathalyzer test that established a .157 blood alcohol content (People v Curkendall, 12 AD3d
710, 715 [2004], lv denied 4 NY3d 743 [2004]; People v
Vinogradov, 294 AD2d 708, 709 [2002]; cf. People v Mora-Hernandez, 77 AD3d 531 [2010]). The
credited evidence, including the videotape of defendant's breathalyzer test, established
that defendant, while "speaking incessantly" for nearly thirty minutes and mentioning
that he had a lawyer, never requested to see or speak with his lawyer or any other lawyer
regarding the decision to take the breath test, and repeated that he was not refusing to
take a breathalyzer test. 
Even assuming that defendant's statement "you can call my attorney all day" could be
viewed as defendant making "a specific request for an attorney vis-a-vis th[e] decision"
to submit to a chemical test (People v Higgins at 933-934, quoting People v
Curkendall, 12 AD3d at 715), the officer responded "call your lawyer if you
want." Defendant, however, never took the officer [*2]up
on this offer nor made any further mention of his attorney. Thus, it cannot be said that
police "prevent[ed] access between [defendant] and his lawyer" in connection with such
decision (People v Gursey, 22 NY2d 224, 227 [1968]; see People v
Smith, 18 NY3d at 550; People v Keener, 138 AD3d at 1164). Accordingly,
the motion to suppress the test results and defendant's subsequent statements was
properly denied.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.

Clerk of the Court
Decision Date: June 25, 2020